# DISTRICT COURT CIVIL COVER SHEET

County, Nevada

Case No. _____
*(Assigned by Clerk's Office)*

A-16-733477-C
XXXI

## I. Party Information *(provide both home and mailing addresses if different)*

**Plaintiff(s) (name/address/phone):**
GABRIELA BARRERA

**Defendant(s) (name/address/phone):**
CARDENAS MARKETS, INC

**Attorney (name/address/phone):**
BRYAN H. BLACKWELL, ESQ.
801 S. 4st
Las Vegas, Nevada, 89101

**Attorney (name/address/phone):**
UNKNOWN

## II. Nature of Controversy *(please select the one most applicable filing type below)*

### Civil Case Filing Types

**Real Property**

*Landlord/Tenant*
- [ ] Unlawful Detainer
- [ ] Other Landlord/Tenant

*Title to Property*
- [ ] Judicial Foreclosure
- [ ] Other Title to Property

*Other Real Property*
- [ ] Condemnation/Eminent Domain
- [ ] Other Real Property

**Torts**

*Negligence*
- [ ] Auto
- [x] Premises Liability
- [ ] Other Negligence

*Malpractice*
- [ ] Medical/Dental
- [ ] Legal
- [ ] Accounting
- [ ] Other Malpractice

*Other Torts*
- [ ] Product Liability
- [ ] Intentional Misconduct
- [ ] Employment Tort
- [ ] Insurance Tort
- [ ] Other Tort

**Probate**

*Probate (select case type and estate value)*
- [ ] Summary Administration
- [ ] General Administration
- [ ] Special Administration
- [ ] Set Aside
- [ ] Trust/Conservatorship
- [ ] Other Probate

*Estate Value*
- [ ] Over $200,000
- [ ] Between $100,000 and $200,000
- [ ] Under $100,000 or Unknown
- [ ] Under $2,500

**Construction Defect & Contract**

*Construction Defect*
- [ ] Chapter 40
- [ ] Other Construction Defect

*Contract Case*
- [ ] Uniform Commercial Code
- [ ] Building and Construction
- [ ] Insurance Carrier
- [ ] Commercial Instrument
- [ ] Collection of Accounts
- [ ] Employment Contract
- [ ] Other Contract

**Judicial Review/Appeal**

*Judicial Review*
- [ ] Foreclosure Mediation Case
- [ ] Petition to Seal Records
- [ ] Mental Competency

*Nevada State Agency Appeal*
- [ ] Department of Motor Vehicle
- [ ] Worker's Compensation
- [ ] Other Nevada State Agency

*Appeal Other*
- [ ] Appeal from Lower Court
- [ ] Other Judicial Review/Appeal

**Civil Writ**

*Civil Writ*
- [ ] Writ of Habeas Corpus
- [ ] Writ of Mandamus
- [ ] Writ of Quo Warrant
- [ ] Writ of Prohibition
- [ ] Other Civil Writ

**Other Civil Filing**

*Other Civil Filing*
- [ ] Compromise of Minor's Claim
- [ ] Foreign Judgment
- [ ] Other Civil Matters

*Business Court filings should be filed using the Business Court civil coversheet.*

Date: 3/16/16

Signature of initiating party or representative

*See other side for family-related case filings.*

Electronically Filed
03/16/2016 10:03:36 AM

CLERK OF THE COURT

1  **COMP**
Bryan H. Blackwell, ESQ.
2  Nevada Bar No. 12558
3  **RICHARD HARRIS LAW FIRM**
801 South Fourth Street
4  Las Vegas, Nevada 89101
Phone: (702) 444-4444
5  Fax:  (702) 444-4455
6  E-Mail: bryan.blackwell@RichardHarrisLaw.com
*Attorneys for Plaintiff*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| GABRIELA BARRERA, | CASE NO.  A-16-733477-C |
| Plaintiff, | DEPT. NO.  XXXI |
| vs. | |
| CARDENAS MARKETS, INC.; DOES 1-20 and ROE BUSINESS ENTITIES 1-20, inclusive, | |
| Defendants. | |

### PLAINTIFF'S COMPLAINT

COMES NOW, Plaintiff GABRIELA BARRERA, by and through her counsel, BRYAN H. BLACKWELL, ESQ. of the RICHARD HARRIS LAW FIRM, and for her causes of action against Defendants, and each of them, complains and alleges as follows:

### JURISDICTION

1. At all times relevant, Plaintiff GABRIELA BARRERA was and is a resident of Clark County, State of Nevada.

2. That Defendant CARDENAS MARKETS, INC. is, and at all times mentioned herein was a foreign business or other business entity, licensed to do business in the County of Clark, State of Nevada.

1

3. That Defendants DOES 1-5 and ROE BUSINESS ENTITIES 1-5 are other owners or operators of the property located at 4700 Meadows Lane, Las Vegas, NV 89107, commonly known as the Cardenas ("the Property").

4. That Defendants DOES 6-10 and ROE BUSINESS ENTITIES are the employees, managers or controllers responsible for constructing, and/or stocking of the shelves and merchandise at issue.

5. That Defendants DOES 11-15 and ROE BUSINESS ENTITIES 11-15 are the designers and maintenance providers for the Property, specifically the designers and maintenance providers of the shelving and merchandise at issue.

6. That Defendants DOES 16-20 and ROE BUSINESS ENTITIES 16-20 are the construction companies, sub-contractors, vendors, inspectors or other persons responsible for the installation and construction of the area on the Property where the subject incident occurred, specifically the shelving and adjacent area.

7. That the true names and capacities of the Defendants designated herein as Doe or Roe Business Entities are presently unknown to Plaintiff at this time, who therefore sue said Defendants by such fictitious names — these entities would specifically include Employees and owners associations presently unknown. When the true names and capacities of these defendants are ascertained, Plaintiff will amend this Complaint accordingly.

8. That at all times pertinent, Defendants and each of them were agents, servants, employees or joint venturers of every other Defendant herein, and at all times mentioned herein were acting within the scope and course of said agency, employment, or joint venture, with knowledge and permission and consent of all other named Defendants.

### FACTS COMMON TO ALL CAUSES OF ACTION

9. That on or about August 13, 2014, Plaintiff was an invitee on the Property located at 4700 Meadows Lane, Las Vegas, NV 89107.

10. On or about August 13, 2014, Plaintiff was injured when she slipped and fell on a liquid substance that was on the floor (hereinafter referred to as the "dangerous condition").

11. Upon information and belief, the dangerous condition was caused as a direct result

2

of the Defendants' failure to design, construct, control, supervise, repair, and/or maintain the Property in a reasonable and safe manner.

12. Defendants maintained and were in control of the Property.

13. Defendants knew, or reasonably should have known, that the dangerous condition existed on or about the Property.

14. Defendants failed to place signs, caution, warn, or otherwise make safe, the dangerous condition existing on or about the Property. Accordingly, Defendants negligently, carelessly, and recklessly created, maintained, and/or allowed the dangerous condition to exist.

15. Defendants should have warned or otherwise made safe the dangerous condition because that condition was non-obvious to Plaintiff.

## FIRST CLAIM FOR RELIEF (NEGLIGENCE)

16. Plaintiff incorporates paragraphs 1 through 15 of the Complaint as if those paragraphs were fully incorporated and set forth herein.

17. Defendants owed Plaintiff a duty of care to warn her of the non-obvious and dangerous condition.

18. Defendants breached this duty of care by failing to place caution signs, or otherwise failing to warn Plaintiff of the dangerous, non-obvious condition.

19. Defendants' negligence directly and proximately caused Plaintiff serious injury.

20. As a direct and proximate result of Defendants' negligence, Plaintiff received medical and other treatments for injuries sustained to body, limbs, organs and nervous systems, all or some of which conditions may be permanent and disabling and, all to Plaintiff's damage in a sum in excess of $10,000.00. That said services, care, and treatment are continuing and shall continue in the future.

21. As a direct and proximate result of Defendants' negligence, Plaintiff has been required to and has limited certain occupational and recreational activities.

22. That as a direct and proximate result of Defendants' negligence, Plaintiff, was prevented or limited from attending to her usual occupation, and thereby has past and future loss of earnings and earning capacity all to her special damage in an amount according to proof at

3

trial.

23. As a direct and proximate result of Defendants' negligence, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, expressly reserving the right to amend this Complaint prior to or at the time of trial of this action to insert those items of damage not yet fully ascertainable, prays judgment against the Defendants, and each of them, as follows:

1. General damages sustained by Plaintiff in an amount in excess of $10,000.00;
2. Special damages to be determined at the time of trial;
3. Medical and incidental expenses already incurred and to be incurred;
4. Reasonable attorney's fees and costs of suit;
5. Interest at the statutory rate; and
6. For such other relief as the Court deems just and proper.

DATED THIS 16th day of March, 2016.

RICHARD HARRIS LAW FIRM

BRYAN H. BLACKWELL, ESQ.
Nevada Bar No. 12558
801 South Fourth Street
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*

**IAFD**
BRYAN H. BLACKWELL, ESQ.
Nevada Bar No. 12558
**RICHARD HARRIS LAW FIRM**
801 South Fourth Street
Las Vegas, Nevada 89101
Phone: (702) 444-4444
Fax: (702) 444-4455
E-Mail: Bryan.Blackwell@RichardHarrisLaw.com
*Attorneys for Plaintiff*

## DISTRICT COURT
## CLARK COUNTY, NEVADA

| | |
|---|---|
| GABRIELA BARRERA, | CASE NO: A-16-733477-C |
| Plaintiff, | DEPT NO. XXXI |
| vs. | |
| CARDENAS MARKETS, INC.; DOES 1-20 and ROE BUSINESS ENTITIES 1-20, inclusive, | |
| Defendants. | |

Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for fees appearing in the above entitled action as indicated below:

GABRIELA BARRERA                                              $   270.00

                                        **TOTAL REMITTED:**   $   270.00

DATED THIS ___ day of March, 2016.

RICHARD HARRIS LAW FIRM

_____
BRYAN H. BLACKWELL, ESQ.
Nevada Bar No. 12558
801 South Fourth Street
Las Vegas, Nevada 89101

1