UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GABRIELA BARRERA, | ) |
|        Plaintiff, | ) Case No.: 2:16-cv-1321-RFB-GWF |
| vs. | ) |
| CARDENAS MARKETS, INC., *et al.*, | ) **ORDER** |
|        Defendants | ) **Re: Motion to Strike (ECF No. 14)** |

This matter is before the Court on Defendant's Motion to Strike Plaintiff's Initial Expert Disclosures (ECF No. 14), filed on January 18, 2017. Plaintiff filed her Opposition (ECF No. 16) on January 31, 2017, and Defendant filed its Reply (ECF No. 17) on February 2, 2017. Also before the Court is Plaintiff's Motion to Strike Defendant's Reply Brief (ECF No. 18). The Court conducted a hearing in these matters on February 15, 2017.

**BACKGROUND**

Plaintiff Gabriela Barrera filed her complaint in the Nevada District Court, Clark County, Nevada on March 16, 2016. *Complaint* (ECF No. 1-2). Defendant filed its answer on April 19, 2016, (ECF No. 1-3), and thereafter removed the action to federal court on June 16, 2016 based on diversity of citizenship between the parties. *Petition for Removal* (ECF No. 1). Plaintiff alleges that she suffered bodily injury damages as the result of a slip and fall accident in Defendant's store on August 13, 2014. The initial scheduling order entered on August 18, 2016, set November 10, 2016 as the deadline for initial expert witness disclosures. *Scheduling Order* (ECF No. 9). On November 14, 2016, the Court granted the parties's stipulation to extend the scheduling order deadlines. The new deadline for initial

expert witness disclosures was December 12, 2016. The deadline for rebuttal expert disclosures was January 10, 2017, and the discovery cut-off date was February 8, 2017. *Order* (ECF No. 12).

Plaintiff served her "List of Witness and Document Disclosure Pursuant to FRCP 26(a) and (c)" on July 13, 2016. *Opposition* (ECF No. 16), Exhibit 1. This was more than a month before the entry of the first scheduling order on August 18, 2016. Plaintiff's list of witnesses included "[t][he Person(s) Most Knowledgeable" for the following medical providers: Spinal Rehabilitation Center - S. Rainbow; Jeffrey Muir, M.D.; Las Vegas Pharmacy, Inc.; Strehlow Radiology Consulting, LLC; Critical Care Medical Consultants; Pueblo Medical Imaging; Anesthesia and Intensive Care; Advanced Procedure Center; Advanced Orthopedic & Sports Medicine; Valley View Surgical Center; Don Nobis Progressive Physical Therapy; Las Vegas Radiology; Body Wise, Inc.; Innovative Procedural and Surgical Center; and Anesthesia Associates. *Opposition* (ECF No. 16), Exhibit 1, pgs. 2-10. As to each of the listed medical providers, the document stated:

> The Person(s) Most Knowledgeable at [name of provider] is expected to offer expert testimony regarding this medical provider's evaluation and treatment of the Plaintiff, and to offer expert testimony that the treatment rendered to Plaintiff and/or future treatment recommended to Plaintiff by this medical provider (such treatment including but not limited to evaluation, testing, diagnosis, procedures, exercise and therapy regimens, follow-up, and/or prescription medication) was and is reasonably medically necessary, and to offer expert testimony that the reasonable medical necessity of such treatment was caused by the incident(s) described in Plaintiff's Complaint.

*Id.*

Plaintiff's List of Witnesses and Document Disclosure also listed, by medical provider and Bates Numbers, the medical records and/or billing records relating to Plaintiff's alleged injuries and damages, and stated that the records were provided in an enclosed disk. *Id.* at pg. 10. It also contained a computation of Plaintiff's special damages for medical expenses, listing the charges for each medical provider. *Id.* at pgs. 12-13.

On December 23, 2016, a paralegal for Plaintiff's counsel sent an email to Defendant's attorney noting that the expert disclosure deadline had passed, but requesting that the parties agree to extend it for another thirty days. *Motion* (ECF No. 14), Exhibit 2, at pg. 2. Defendant's counsel responded on December 24, 2016 that he could not agree to re-open the initial expert disclosure deadline. *Id.* at pg. 1.

On January 9, 2017, Plaintiff served her "Initial Designation of Expert Witnesses." *Motion*

(ECF No. 14), Exhibit 1. This document listed "Expert Treating Physicians" and provided greater specificity regarding some of the physicians' expected testimony than was provided in Plaintiff's prior List of Witnesses. For example, the "Initial Designation of Expert Witnesses" stated with respect to Spinal Rehabilitation Center-Rainbow Office as follows:

> Tyler Michaels, D.O. [of Spinal Rehabilitation Center-Rainbow Office] is expected to offer expert testimony at the time of trial regarding his treatment of Plaintiff. In accordance with the commentary to NRCP 16.1(a) and the Nevada Supreme Court's decisions in FCH1 LLC v. Rodriguez, 130 Nev.Adv.Op. 46 (2014), Tyler Michaels, D.O. obtained all of his opinions, as stated herein, within the course and scope of his treatment of Plaintiff. Tyler Michaels, D.O. will provide the following expert opinions at the time of trial:
>
> a. Plaintiff sustained a left knee, right ankle, bilateral wrists, neck, upper back, and low back regions injury as a result of this subject incident;
>
> b. Plaintiff sustained sprain/strain to the thoracic spine as a result of this subject incident;
>
> c. Plaintiff sustained Cervical Sprain/Strain, Thoracic Sprain/Strain, Lumbar Sprain/Strain, Sacroiliac Sprain/Strain, Lumbago, Muscle Spasm, Pain in Joint, Knee Sprain/Strain, Ankle Sprain/Strain and Wrist Sprain/Strain as a result of the this subject incident;
>
> d. Plaintiff required MRIs in order to evaluate her injuries caused by the subject incident and the costs of those diagnostics are reasonable, customary and directly related to the subject incident;
>
> e. That all of his treatment, referrals, and diagnostic testing was necessary as a result of the injuries caused by the subject incident and the costs were reasonable, customary and directly related to the subject incident;
>
> Tyler Michaels, D.O. treatment notes which are provided in lieu of an expert report attached as Exhibit 1 and his CV, his fee schedule and his Trial Testimony History will be supplemented once received.

*Id.* at pgs. 1-2.

Plaintiff's "Initial Designation of Expert Witnesses" provided similar specificity regarding the expected testimony of Dr. Jeffrey Muir; Dr. Simon Wilcox of Critical Care Medical Consultants; Dr. Xin Nick Liu of Advanced Orthopedic & Sports Medicine; Don Nobis, P.T.; and Dr. Alain Cooper of Nevada Comprehensive Pain Center. *Id.* at pgs. 2-6. No additional information was provided for the other medical providers who were listed in Plaintiff's List of Witnesses served on July 13, 2016. *Motion* (ECF No. 14), Exhibit 1, pgs. 7-9.

Defendant informed the Court during the February 15th hearing that it disclosed an expert medical witness on or before the December 12, 2016 expert witness disclosure deadline. This expert has reviewed the medical records and other relevant information in forming his or her opinions. It is unclear whether Defendant's medical expert has examined the Plaintiff. Defendant has deposed the Plaintiff. It has not deposed any of Plaintiff's treating physicians.

Defendant moves to strike Plaintiff's Initial Designation of Expert Witnesses because it was not served until January 9, 2017, twenty-eight (28) days after the initial expert witness disclosure deadline. Defendant argues that Plaintiff cannot meet her burden to show that this late disclosure was substantially justified or harmless. Defendant's motion to strike makes no mention of Plaintiff's July 13, 2016 List of Witnesses.

Plaintiff argues that Defendant's motion to strike should be limited to the only grounds on which the motion is made—that Plaintiff's disclosure of her treating physicians was untimely. Plaintiff argues that her disclosure of treating physician witnesses' testimony was timely because they were disclosed in the List of Witnesses served on July 13, 2016. Because Defendant's motion makes no mention of that earlier disclosure and does not argue that it was insufficient, Plaintiff argues that Defendant should not be permitted to make such arguments in its reply brief or at the hearing on the motion.

## DISCUSSION

Rule 26(a)(2)(A) of the Federal Rules of Civil Procedure states that "[i]n addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705. Rule 26(a)(2) was amended in 2010 to add the following provision:

> (C) *Witnesses Who Do Not Provide a Written Report.*
> Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
>
> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703 or 705; and
>
> (ii) a summary of the facts and opinions to which the witness is expected to testify.

The Advisory Committee Notes to the 2010 Amendment state that "[t]his disclosure is considerably less extensive than the report required by Rule 26(a)(2)(B). Courts must take care against requiring undue detail, keeping in mind that these witnesses have not been specifically retained and may not be as responsive to counsel as those who have." The Advisory Committee stated that frequent examples of expert witnesses who are not required to provide written reports "include physicians or other health care professionals . . . ."

In *Kraja v. Bellagio*, 2016 WL 1611590 (D.Nev. April 22, 2016), the plaintiff disclosed four treating physicians in support of his claims for general compensatory and punitive damages. For each medical expert witness, the disclosure stated as follows:

> The witness is Plaintiff's treating physician and is expected to give testimony pursuant to FRE 702, 703 and 705. The subject matter of this expert witness's testimony will be as to the witness's personal observations, examinations, evaluations, and opinions of Plaintiff's serious health condition. The witness is expected to testify as to the examinations and evaluations of Plaintiff's serious health condition.

*Id.* at *1.

In holding that this disclosure did not comply with Rule 26(a)(2)(C), the court stated: "What these evaluations consisted of, or what Plaintiff's serious health conditions are, are simply left undisclosed." *Id.* at *2. The court further stated:

> Plaintiff's disclosures also fail to include what the experts' actual opinions are. Instead, they merely provide that the "testimony will be as to the witness's personal observations, examinations, evaluation, and opinions of Plaintiff's serious health condition." *Id.* These disclosures, therefore, fail to comply with Rule 26(a)(2)(C). *See Pineda v. City & Cnty. of San Francisco*, 280 F.R.D. 517, 523 (N.D.Cal. 2012) (determining that the plaintiff's supplemental disclosure did not comply with Rule 26(a)(2)(C) because it did not contain a summary of the facts and opinions to which each expert will testify'); *Flonnes v. Prop. & Cas. Ins. Co. of Hartford*, 2013 WL 2285224, *5 (D.Nev. May 22, 2013) (same).

*Id.*

Because the plaintiff's inadequate expert witness disclosures were served on the initial expert witness disclosure deadline, and were not substantially justified or harmless, the court granted the motion to strike and, pursuant to Rule 37(c)(1), barred the expert witnesses from testifying at trial. *Id.* at *3-4.

In *Alfaro v. D. Las Vegas*, 2016 WL 4473421 (D.Nev. Aug. 24, 2016), the plaintiffs served initial and supplemental disclosures regarding the testimony of their treating physicians that also failed to provide any information regarding their actual opinions. *Id.* at *3-*4. In holding that the disclosures did not satisfy Rule 26(a)(2)(C)'s requirements, the court stated:

> The initial disclosures and supplemental disclosures do not even identify the conditions for which Plaintiffs were treated, their diagnosis or prognosis, or the course of treatment provided. No information at all is provided linking any injury claimed by either Plaintiff to the accident in this case. The identical descriptions of expected testimony that Plaintiffs provided for all 11 treating physicians and providers are so generic, unhelpful, and boilerplate they could apply to virtually any case.

*Id.* at *13.

Because the plaintiffs' failure to provide proper expert disclosures was not substantially justified or harmless, the court barred the physician experts from testifying at trial. *Id.* at *16. The court recognized that precluding testimony by plaintiffs' treating physicians pursuant to Rule 37(c)(1) could be a potentially dispositive sanction because expert medical testimony is required to establish legal causation in most negligence cases. *Id.* at *15. The court nevertheless concluded that imposition of lesser sanctions would not be adequate and preclusion of the experts' testimony was proper. *Id.* at *16.

Plaintiff's "List of Witnesses and Document Disclosures Pursuant to FRCP 26(a) and (c)" did not violate any provision of the rules on the date it was served—July 13, 2016. As of that date, Plaintiff was not requires to disclose her expert witnesses' opinions under Rule 26(a)(2). The July 13, 2016 disclosures have been brought into play because of Plaintiff's assertion that they satisfied requirements of Rule 26(a)(2)(C). The disclosures, as quoted on page 2 of this order, arguably satisfy subparagraph (i) of the rule in stating the general subject matter on which the witnesses are expected to testify. They clearly do not satisfy subparagraph (ii) which requires "a summary of the facts and opinions to which the witness is expected to testify." To paraphrase *Alfaro*, the identical descriptions of expected testimony that Plaintiff provided for all 16 listed medical providers are so generic, unhelpful, and boilerplate that they could apply to virtually any case.

Plaintiff appeared to recognize that her July 13, 2016 disclosures did not satisfy the requirements of Rule 26(a)(2)(C). On December 23, 2016, Plaintiff's counsel's paralegal requested a 30 day extension of the already expired initial expert witness disclosure deadline. Defendant refused to

agree to the extension. Plaintiff nevertheless served her "Initial Designation of Expert Witnesses" on January 9, 2017. This document provides the type of information required by Rule 26(a)(2)(C)(ii) in regard to the expected expert testimony of Dr. Michaels, Dr. Muir, Dr. Wilcox, Dr. Liu, Don Nobis, P.T., and Dr. Coppel.[1] Because it was served 28 days after the expert witness disclosure deadline, however, it was untimely.

Rule 37(c)(1) states that if a party fails to make the disclosures required by Rule 26(a) or (e), the party will not be allowed to use that information or witness at trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court may order the payment of reasonable expenses, including attorney's fees caused by the failure, may inform the jury of the party's failure, and may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). The burden is upon the disclosing party to show that the failure to disclose was substantially justified or harmless. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001). A plaintiff's failure to provide a timely expert witness disclosure under Rule 26(a)(2)(C) is not harmless. The defendant is harmed by not having the information needed to determine which treating physicians to depose, on what issues rebuttal expert testimony may be needed, or to prepare for meaningful cross-examination. *See Alfaro*, 2016 WL 447341, at *15; *Kraja*, 2016 WL 1611590, at *3. Rectifying a plaintiff's failure to timely comply with Rule 26(a)(2)(C) also causes harm in the form of unnecessary delay of discovery and postponements of the other pretrial deadlines or possibly of the trial itself.[2]

Rule 37(c)(1) does not require the court in all instances to exclude evidence as a sanction for late disclosure that is neither justified nor harmless. In *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296–98 (2nd Cir. 2006), the Second Circuit rejected the view that the exclusion of evidence is

---

[1] The supplemental disclosures do not provide adequate information regarding the expected expert testimony of other listed medical providers. Those medical providers must therefore be precluded from providing expert testimony at trial.

[2] Trial is not usually scheduled in this district until after the joint pretrial order had been filed. Unless a disclosure is made substantially after the filing of the joint pretrial order, it generally does not have a direct impact on the trial date. Of course, the later the disclosure is made, the more likely it is that the evidence will be excluded.

mandatory for failure to comply with Rule 26(a).  The court stated that in determining the appropriate sanction, the court should consider the following factors:  (1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the excluded evidence or testimony; (3) the prejudice suffered by the opposing party as a result of having to meet new evidence; and (4) the possibility of a continuance.  In *Wendt v. Host International, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997), the court identified similar factors that should be considered in deciding whether to preclude the testimony of a party's expert witness based on untimely disclosure of his opinions.  The court stated that "*Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990), requires us to determine whether a sanction is proper under a five factor test analyzing: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  Although *Wendt* did not state that this test applied only with respect to the imposition of dispositive sanctions, the case on which it relied, *Wanderer v. Johnston*, clearly involved a dispositive sanction.  In *University of Pittsburgh v. Hendrick*, 2006 WL 6837606, *1 (C.D. Cal. Oct. 3, 2006), the court rejected application of the five-factor test because the motion to strike concerned only the exclusion of evidence, rather than dismissal or entry of a default judgment.  *See also In re Namvar* 2014 WL 58137, *4 (C.D. Cal. Nov. 6, 2014) (stating that when the sanction involves the exclusion of evidence, the five factor test is not applicable).

If evidence preclusion is tantamount to a dispositive sanction, however, the court is required to consider the *Wendt* factors.  In *R & R Sails, Inc. v. Insurance Co. of Pa.*, 673 F.3d 1240 (9th Cir. 2012), the trial court excluded plaintiff's compensatory damages evidence because it did not provide a sufficient computation of damages required by Rule 26(a)(1)(A)(iii).  As a result of this order, the court also dismissed plaintiff's claim for punitive damages.  In reversing, the court stated that "evidence preclusion is, or at least can be, a 'harsh[]' sanction."  *Id.* at 1247 (quoting *Yeti by Molly Ltd.*, 259 F.3d at 1106).  The sanction in that case was particularly harsh "because it dealt a fatal blow not only to [plaintiff's compensatory damage claim], but also to its request for punitive damages.  Thus, in practical terms, the sanction amounted to dismissal of a claim."  *Id.*  The court stated:

. . .

> Under this circuit's case law, because the sanction amounted to dismissal of a claim, the district court was required to consider whether the claimed noncompliance involved willfulness, fault, or bad faith, *see* [*Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d] at 1106 (citing *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 946 (9th Cir. 1993), and *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983)), and also to consider the availability of lesser sanctions. *See e.g., Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997); *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990). We now reaffirm the existence of that requirement when a district conducts the harmlessness inquiry required under Rule 37(c)(1). We note that this approach accords with the decisions of other circuits. *See e.g. Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006) (requiring the district court to consider possibility of a continuance); *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003) (requiring consideration of the surprise to the party against whom the evidence would be offered and the ability of that party to cure the surprise); *Tex. A & M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003) (requiring consideration of the possibility that a continuance would cure prejudice to the opposing party).

*R & R Sails, Inc.*, 673 F.3d at 1247–48.

In order for Plaintiff to recover damages for her alleged bodily injuries, she will have to present expert medical testimony that her injuries and medical treatment were caused by the subject accident. *See Williams v. Eighth Judicial District Court*, 262 P.3d 360, 367 (Nev. 2011). Even if Plaintiff can recover some damages without expert medical opinion testimony, they are likely be *de minimis* in comparison to what is excluded. Excluding the testimony of all of Plaintiff's treating physicians will be tantamount to dismissal of her claim. The Court is therefore required to consider whether Plaintiff's failure to comply with Rule 26(a)(2)(C) involved willfulness, fault, or bad faith, and to consider the other factors set forth in *Wendt*.

Plaintiff was clearly negligent in failing to timely serve expert witness disclosures that complied with Rule 26(a)(2)(C). Decisions in this district and others make clear that the type of disclosure made by Plaintiff on July 13, 2016 does not comply with the rule. *See Pineda v. City and County of San Francisco*, 280 F.R.D. 517, 522 (N.D. Cal. 2012); *F.D.I.C. v. Anderson*, 2012 WL 3728160, \*4 (E.D.Cal. Aug. 27, 2012); and *Kraja v. Bellagio*, 2016 WL 1611590, \*2 (D.Nev. Apr. 22, 2016). The Court also notes that the plaintiff in *Alfaro, supra,* was represented by the same law firm that represents Plaintiff Barrera in this case. Although *Alfaro* was decided more than a month after Plaintiff served her List of Witnesses on July 13, 2016, that decision should have placed Plaintiff's counsel on notice that

they needed to make sure that their Rule 26(a)(2)(C) disclosures in other cases complied with the rule.[3]

Balanced against the foregoing is the fact that Plaintiff served expert witness disclosures on January 9, 2017 that include the information required by Rule 26(a)(2)(C). While this does not excuse Plaintiff's failure to timely serve proper expert witness disclosures, it militates against a finding of willfulness or bad faith. The actual prejudice or harm to Defendant appears to be modest. Plaintiff provided an itemized list of her claimed medical records and bills, and a disk containing the records to Defendant on July 13, 2016. Plaintiff also provided a computation of special damages, which stated the total amount of her medical expenses, and the amount of claimed medical expenses for each provider. Defendant disclosed a medical expert witness prior to the initial expert witness disclosure deadline. The Court has not been provided with that expert's report, but it appears from defense counsel's answers to the Court's questions that the medical expert had sufficient information upon which to render opinions regarding Plaintiff's alleged accident injuries. Defendant has not asserted that Plaintiff's untimely expert witness disclosures set forth any medical opinions that were not anticipated by Defendant or its medical expert. The Court will, however, afford Defendant the opportunity to designate a rebuttal expert witness if it deems such testimony necessary to respond to Plaintiff's disclosures.

The chief harm caused by Plaintiff's untimely disclosure is the additional time that will be required to complete discovery, assuming that Defendant intends to depose any of the treating physicians, or decides to disclose a rebuttal expert's report. Although the disruption of the Court's scheduling order and the possible need to reopen discovery justifies the imposition of sanctions, it does not justify the harsh sanction of precluding testimony by all of Plaintiff's treating physicians.

As note above, Rule 37(c)(1) states that in addition to or instead of the evidence preclusion sanction, the Court may order the noncomplying party to pay the movant's reasonable expenses, including attorney's fees, caused by the failure to make the required disclosure. In this case, the Court will order Plaintiff's *counsel* to pay Defendant's reasonable attorney's fees and costs incurred in

---

[3] Plaintiff's counsel stated at the hearing that the "Initial Designation of Expert Witnesses" served on January 9, 2017 was actually prepared back in November 2016, but was inadvertently not served prior to the expert disclosure deadline.

prosecuting its motion for sanctions. If Defendant can identify any other expenses caused by the delay, the Court will also consider an award of those expenses. The Court, however, will not award fees or expenses that Defendant would have incurred, in any event, if the disclosures had been timely served. Rule 37(c)(1)(A) states that the court may inform the jury of the party's failure to make the disclosure. This may be an appropriate sanction in this case. The undersigned leaves it to the District Judge's determination whether such an instruction should be provided to the jury.

## CONCLUSION

Plaintiff's failure to timely serve her "Initial Designation of Expert Witnesses" was not substantially justified or harmless and warrants the imposition of sanctions under Rule 37. Imposition of the evidence preclusion sanction sought by Defendant, however, is not justified based on a consideration of all of the facts and circumstances. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Strike Plaintiff's Initial Expert Disclosures (ECF No. 14) is **granted**, in part, and **denied**, in part, as follows:

1. Plaintiff's Initial Designation of Expert Witnesses provides sufficient information regarding the expected expert opinion testimony of Dr. Tyler Michaels; Dr. Jeffrey Muir; Dr. Simon Wilcox of Critical Care Medical Consultants; Dr. Xin Nick Liu of Advanced Orthopedic & Sports Medicine; Don Nobis, P.T.; and Dr. Alain Cooper of Nevada Comprehensive Pain Center. Defendant's motion to preclude these witnesses from testifying because of Plaintiff's failure to provide a timely disclosure pursuant to Rule 26(a)(2)(C) is denied.

2. Defendant's motion to strike is granted in regard to expert testimony by any other medical provider identified in Plaintiff's "List of Witness and Document Disclosure Pursuant to FRCP 26(a) and (c)" or "Initial Designation of Expert Witnesses."

3. Plaintiff's counsel is ordered to pay Defendant's reasonable attorney's fees and costs incurred in prosecuting Defendant's motion to strike. Defendant may also apply to the Court for payment of any other expenses incurred as result of Plaintiff's failure to timely disclose its expert witnesses pursuant to Rule 26(a)(2)(C). The expenses awarded against Plaintiff's counsel may not be recouped from the Plaintiff, or deducted from Plaintiff's share of the proceeds of any settlement or judgment.

4. The District Judge, in his discretion, should decide whether to inform the jury of Plaintiff's failure to timely serve her disclosure of expert witness testimony.

5. Counsel for Defendant shall, no later than fourteen (14) days from the entry of this order, up to and including **March 3, 2017**, serve and file a memorandum, supported by affidavit of counsel, establishing the amount of attorneys' fees and costs incurred as addressed in this order. The memorandum shall provide a reasonable itemization and description of work performed, identify the attorney(s) or staff member(s) performing the work, the customary fee of the attorney(s) or staff member(s) for such work, and the experience, reputation and ability of the attorney performing the work. The attorney's affidavit shall authenticate the information contained in the memorandum, provide a statement that the bill has been reviewed and edited, and a statement that the fees and costs charged are reasonable.

6. Counsel for Plaintiff shall have fourteen (14) days from service of the memorandum of costs and attorney's fees, up to and including **March 17, 2017**, in which to file a responsive memorandum addressing the reasonableness of the costs and fees sought, and any equitable considerations deemed appropriate for the court to consider in determining the amount of costs and fees which should be awarded.

7. Counsel for Defendant shall have seven (7) days from service of the responsive memorandum, up to and including **March 24, 2017**, in which to file a reply.

8. The parties shall promptly file a proposed amended discovery plan and scheduling order to complete any remaining discovery and reset other scheduling deadlines.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Defendant's Reply Brief (ECF No. 18) is **denied**.

DATED this 17th day of February, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge