# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GABRIELA BARRERA,

    Plaintiff,

vs.

CARDENAS MARKETS, INC., *et al.*,

    Defendants

Case No.: 2:16-cv-1321-RFB-GWF

**ORDER**

This matter is before the Court on Defendant's Application for Fees (ECF No. 22), filed on February 21, 2017. Plaintiff filed a Response (ECF No. 24) on March 4, 2017. Defendant did not file a reply.

**BACKGROUND**

Plaintiff brought this case alleging that she suffered bodily injury damages as the result of a slip and fall accident in Defendant's store on August 13, 2014. *Complaint* (ECF No. 1-2). On January 18, 2017, Defendant filed a Motion to Strike Plaintiff's Initial Expert Disclosures arguing that Plaintiff's initial treating physician expert disclosure was untimely. *See Motion to Strike* (ECF No. 14). Plaintiff responded to Defendant's Motion to strike on January 31, 2017 and asserted that her disclosure of treating physician witnesses was timely because they were disclosed in a List of Witnesses provided to Defendant prior to the expert disclosure deadline. *See Response* (ECF No. 17). The Court conducted a hearing in this matter on February 15, 2017 and issued a written order on February 17, 2017, wherein the Court denied Defendant's request to strike Plaintiff's expert disclosure but ordered counsel for Plaintiff to pay Defendant's reasonable attorney's fees and costs incurred in prosecuting its motion to strike. *Order* (ECF No. 20). Thereafter, Defendant filed this Application requesting reimbursement for fees in the amount of $1,905.50.

**DISCUSSION**

The Supreme Court has held that reasonable attorney fees must "be calculated according to the prevailing market rates in the relevant community," considering the fees charged by "lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895–96 n. 11, 104 S.Ct. 1541 (1984). Courts typically use a two-step process when determining fee awards. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the Court must calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Id.* Furthermore, other factors should be taken into consideration such as special skill, experience of counsel, and the results obtained. *Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed . . . [w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Second, the Court "may adjust the lodestar, [only on rare and exceptional occasions], upward or downward using a multiplier based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

Defendant requests a total of $1,905.50 in fees associated with bringing its motion to strike. Specifically, Defendant requests reimbursement of attorney's fees at an hourly rate of $185.00 for attorney Michael Lowry. After reviewing Defendant's application for fees and the declaration of Michael Lowry, Esq., the Court finds that Defendant has offered sufficient evidence that the hourly rate of $185 is reasonable. Moreover, Plaintiff concedes that this rate is in fact reasonable.

Defendant requests reimbursement for 10.3 hours of attorney work associated with its motion to strike broken down as follows: 3.2 hours spent drafting the motion to strike, 4.6 hours spent drafting the reply, 1.7 hours spent preparing for, attending and reporting to Defendant concerning the hearing on the motion to strike and 0.8 hours spent reviewing documents and drafting related correspondence. *Application* (ECF No. 22-2). Plaintiff argues that while Defendant's Application for Fees is overall well-taken, Defendant should not be awarded fees for drafting the reply brief. Plaintiff asserts that Defendant's reply brief presented an improper argument that was not raised in its motion to strike or in Plaintiff's opposition. Plaintiff's argument was formally made in a Motion to Strike Defendant's Reply

Brief (ECF No. 18), which the Court denied. *See Order* (ECF No. 20). The Court finds that Defendant is entitled to fees for time spent drafting its reply brief. As the Court noted in its February 17, 2017 Order, the July 13, 2016 disclosures were brought into play because Plaintiff asserted that those disclosures were timely and satisfied the requirements of Rule 26(a). *See Order* (ECF No. 20), pg. 6. As a result, Defendant was allowed to argue that Plaintiff did not satisfy those requirements in its reply brief. The Court therefore finds that the time spent by Defendant's counsel associated with Defendant's motion to strike was reasonable. Thus, the Court will award Defendant reasonable attorney's fees based on the reasonable hourly rate discussed above in the amount of $1,905.50. The relevant factors are subsumed in this calculation of the reasonable attorneys' fees and costs, and there are no other exceptional circumstances which warrant enhancement or reduction of the fees. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's counsel is ordered to pay Defendant the sum total of $1,905.50. Plaintiff's counsel is further ordered to make the payment to Defendant by **May 12, 2017**.

DATED this 11th day of April, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge