# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

GABRIELA BARRERA,

    Plaintiff,

v.

CARDENAS MARKETS, INC.; DOES 1-20 and ROE BUSINESS ENTITIES 1-20, inclusive,

    Defendants.

Case No. 2:16-cv-01321-RFB-GWF

**ORDER**

## I. INTRODUCTION

Before the Court is Defendant's Motion for Summary Judgment (ECF No. 34) and Defendant's Motion to Strike (ECF No. 46).

## II. FACTUAL BACKGROUND

The Court finds the following facts to be undisputed.

On August 13, 2014, Plaintiff Gabriela Barrera slipped and fell on an unknown substance inside a Cardenas Market. Plaintiff testified that the substance was clear and resembled an egg white, while two employees who cleaned the substance after the fall described it as two to three dime-sized drops of salsa. Video footage establishes that the slip occurred at 2:41 PM and that the last employee inspection of the area occurred between 40 and 60 minutes earlier. The video footage does not show when or how the substance spilled on the floor. Plaintiff further testified that she does not know when or how the substance spilled on the floor.

///

### III. PROCEDURAL BACKGROUND

Plaintiff filed her initial complaint in state court on March 16, 2016. ECF No. 1. Defendant petitioned for removal on June 14, 2016. ECF No. 1. On November 20, 2017, Defendant filed a Motion for Summary Judgment. ECF No. 34. Plaintiff filed a Response on December 19, 2017 and Defendant filed a Reply on December 28, 2017. ECF Nos. 35 & 37. On August 6, 2018, Plaintiff filed a request for leave to file a supplemental Response and a supplemental Response. ECF No. 45. On August 7, 2018, Defendant filed a Motion to Strike the supplemental Response. ECF No. 45.

### IV. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *accord* Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (citation and internal quotation marks omitted) (alteration in original).

### V. DISCUSSION

Under Nevada law, a plaintiff must prove four elements to show negligence in a slip-and-fall matter: (1) the defendant owed a duty to the plaintiff to exercise due care; (2) the defendant breached the duty; (3) the breach was the actual and the proximate cause of the plaintiff's injury; and (4) the plaintiff was damaged. Joynt v. California Hotel & Casino, 835 P.2d 799, 801 (Nev. 1992). "[A] business owner owes its patrons a duty to keep the premises in a reasonably safe

condition for use." Sprague v. Lucky Stores, Inc., 849 P.2d 320, 322 (Nev. 1993). A business owner will be liable for breaching its duty to patrons if the business owner, or his or her agents, cause a foreign substance to spill on the floor. Id. But if any other person causes the foreign substance to spill on the floor, the business can only be liable if it had actual or constructive notice of the foreign substance and did not remedy it. Id. at 322–23. A plaintiff can show constructive notice by showing that a hazardous condition is "virtually continual." Id. at 323.

Plaintiff proffers no evidence of when the spill occurred. Plaintiff offers no evidence to establish that Defendant caused the liquid hazard, should have been aware of the alleged liquid, or could have been aware of the liquid through reasonable diligence. Plaintiff offers no evidence as to how long the liquid was on the floor and whether this type of liquid hazard was "virtually continual." Id. Plaintiff seeks to rely simply upon the mere alleged presence of a liquid on the floor at the time of the Plaintiff's fall. Given the standard under Sprague, the mere alleged presence of a liquid on one occasion that might have led to a fall does not create a genuine issue of disputed fact as to constructive notice. Id. Because the record could not lead a rational trier of fact to find for Plaintiff as to constructive notice, the Court grants summary judgment in favor of Defendant.

### IV. CONCLUSION

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 34) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike (ECF No. 46) is **GRANTED**, as Plaintiff did not show good cause for the Court to entertain the supplemental filing pursuant to Local Rule 7-2(g).[1]

///

///

///

///

---

[1] Even if the Court considered Plaintiff's additional filing, it would not change the result. Plaintiff does not present any evidence that the spill was present when the employee inspected the area.

1  **IT IS FURTHER ORDERED** that the Clerk of Court enter judgement and close this case
2  accordingly.
3
4  DATED: September 25, 2018.
5
6  _____
   **RICHARD F. BOULWARE, II**
7  **UNITED STATES DISTRICT JUDGE**