UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GABRIELA BARRERA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CARDENAS MARKETS, INC.; DOES 1-20 and ROE BUSINESS ENTITIES 1-20, inclusive,<br><br>　　　　　　Defendants. | Case No. 2:16-cv-01321-RFB-GWF<br><br>**ORDER** |

Before the Court is Defendant's Motion to Retax (ECF No. 64) and Plaintiff's Motion for Stay of Execution Without Bond, or in the Alternative, an Amount Lower than the Full Judgment Amount (ECF No. 69).

Plaintiff filed her initial complaint in state court on March 16, 2016 alleging negligence on the basis of a slip-and-fall incident inside a Cardenas Market. ECF No. 1. Defendant removed the action to this Court on the basis of diversity jurisdiction. ECF No. 1.

On November 20, 2017, Defendant filed a Motion for Summary Judgment. ECF No. 34. Plaintiff filed a Response on December 19, 2017 and Defendant filed a Reply on December 28, 2017. ECF Nos. 35 & 37. On September 26, 2018, the Court issued an Order granting summary judgment in favor of Defendant. ECF No. 47.

On February 1, 2019, the Clerk of Court issued a Memorandum Regarding Taxation of Costs. ECF No. 64. The Clerk sustained Plaintiff's objection to the costs of expert witness fees ($7,850.00) pursuant to Local Rule 54-11(h) and taxed costs in the amount of $2,264.18. Id.

In its Motion to Retax, Defendant argues that is permitted to obtain costs pursuant to Nevada Revised Statutes ("NRS") Sections 18.005 and 18.020. The Court agrees and grants Defendant's motion. Because the Court sits in diversity jurisdiction, it applies state substantive law, including law related to the proper measure of damages. Clausen v. M/V New Carissa, 339 F.3d 1049, 1065 (9th Cir. 2003). NRS Section 18.020(3) states that "[c]osts must be allowed of course to the prevailing party against any adverse party against whom judgment is rendered, in . . . an action for the recovery of money or damages, where the plaintiff seeks to recover more than $2,500." NRS Section 18.005 defines "costs" to include reasonable expert witness fees. The Court must therefore award Defendant expert witness fees in accordance with this substantive mandate under Nevada state law.

Cardenas seeks expert witness fees totaling $1,100 for Chad Hanson, M.D. and $6,750 for David E. Fish, M.D., M.P.H. ECF No. 52 at 3. The Nevada Supreme Court has explained that while the prevailing party is entitled to all costs as a matter of right, "[t]he determination of which expenses are allowable as costs is within the sound discretion of the trial court." Albios v. Horizon Communities, Inc., 132 P.3d 1022, 1036 (Nev. 2006) (citation omitted). As a guideline, NRS Section 18.005 provides for "[r]easonable fees of not more than five expert witnesses in an amount of not more than $1,500 for each witness, unless the court allows a larger fee after determining that the circumstances surrounding the expert's testimony were of such necessity as to require the larger fee."

Because the Court does not find that circumstances necessitate a larger fee, the Court limits Defendant's collection of costs to no more than $1,500 per witness. The Court therefore awards Defendant expert witness fees totaling $1,100 for Chad Hanson, M.D. and $1,500 for David E. Fish, M.D., M.P.H., for a total expert witness fee award of $2,600. Costs will therefore be taxed in the total amount of $4,864.18.

The Court next addresses Plaintiff's Motion for Stay of Execution Without Bond, or in the Alternative, an Amount Lower than the Full Judgment Amount. ECF No. 69. Plaintiff asks this Court to stay execution absent a supersedeas bond. "At any time after judgment is entered, a party may obtain a stay by providing a bond or other security." Fed. R. Civ. P. 62(b). The federal rules

provide an exception to this rule only "when granting a stay on an appeal by the United States, its officers, or its agencies or on an appeal directed by a department of the federal government." Fed. R. Civ. P. 62(e). While the federal rule permits security other than a bond, it does not permit a stay outside of Rule 62(e) absent some form of security. See Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1367 (9th Cir. 1990). It is Plaintiff's burden to demonstrate what security she can offer to suspend the usual requirement of a full supersedeas bond. See Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1191 (5th Cir. 1979). The Court therefore denies the motion without prejudice to refiling.

Therefore,

**IT IS ORDERED** that Defendant's Motion to Retax (ECF No. 64) is **GRANTED**. The Clerk of Court is directed to re-tax Plaintiff in the total amount of $4,864.18.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Stay of Execution Without Bond, or in the Alternative, an Amount Lower than the Full Judgment Amount (ECF No. 69) is **DENIED** without prejudice.

DATED: June 25, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**